Case: 1:13-cv-05932 Document #: 6 Filed: 09/04/13 Page 1 of 4 PageID #:12
Case: 1:13-cv-05932 Document #: 1 Filed: 08/20/13 Page 1 of 4 PageID #:1

**FILED**
9/4/2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
AUG 2 0 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kenneth W. Dunmars )
    Plaintiff-Pro Se )
   )   No:
  v. )
South Suburban College Foundation )
Don Manning )   13cv5932
Jorie Menclewicz )   Judge Norgle
    Defendants )   Mag. Judge Kim

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under, and juridisdiction is founded on 28 U.S.C. 1332(a) as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.
2. Venue is proper in this district because the Defendants are located in this district.
3. South Suburban College Foundation is incorporated and located in the state of Illinois
Don Manning is the President of South Suburban College
Jorie Menclewicz is an employee of South Suburban College
4. Plaintiff resides in the state of Indiana

### FACTS

5.    May 2013, I applied to and was admitted to South Suburban College in South Holland, Illinois as a Computer Information Systems major. I also applied for and received a Certificate of Eligibility for a certain veteran's benefit called VRAP from the US Department of Veterans Affairs.

6. What is the VRAP Program? Congress passed, and the President has signed into law, the VOW to Hire Heroes Act of 2011. Included in this new law is the Veterans Retraining Assistance Program (VRAP). VRAP offers up to 12 months of training assistance to unemployed Veterans.

7.    The VRAP offers 12 months of training assistance to Veterans who are at least 35 but no more than 60 years old, Are unemployed on the date of application, Received an other than dishonorable discharge, Are not be eligible for any other VA education benefit program (e.g.: the Post-9/11 GI Bill, Montgomery GI Bill, Vocational Rehabilitation and Employment Assistance), Are not in receipt of VA compensation due to unemployability and are not enrolled in a federal or state job training program.

8. The program is limited to 45,000 participants from July 1, 2012, through September 30, 2012, and 54,000 participants from October 1, 2012, through March 31, 2014. Participants must attend full-time in order to receive up to 12 months of assistance equal to the monthly full-time payment rate under the Montgomery GI Bill–Active Duty program ($1,564 effective October 1, 2012). DOL will offer employment assistance to every Veteran who participates upon completion of the program; <u>I am one of those eligible veterans</u>.

9. Participants must be enrolled in a VA approved program of education offered by a community college or technical school. The program must lead to an Associate Degree, Non-College Degree, or a Certificate, and train the Veteran for a high demand occupation.[1]

10. There are some school based forms to fill out in order to process the benefit request to the US Department of Veterans Affairs, a couple of documents to submit with those forms, its all fairly straightforward and then turn in this packet to the schools' veteran's certifying official (VCO), in this matter is Jorie Menclewicz, the financial aid office manager and the "VCO"of South Suburban College, I submitted this packet to her personally on Monday July 22, 2013 at about 130 pm.

11. I spoke with her briefly while handing in my packet of documents, she looks over my paperwork and tells me because I am using VRAP, there is a "upfront money" requirement, "about 400 dollars by Thursday July 25th or be dropped from classes" is what she said.

12. I then asked her to submit my paperwork as a "advance pay" request to the Department of Veterans' Affairs and the VA would send directly to the school, within 10 days, 2 months of benefits which should cover the tuition in full or pretty close to it; my request was denied.[2,3]

13. I contacted my member of Congress to see if his office could lend a hand in this matter on July 22; apparently they made a call to the school, spoke with Ms. Menclewicz, who then called me on July 29th at 4:16 pm. to read me the riot act, saying "I am not going to let you attend classes for free, I have been burned by students before, I am not going to process your benefit paperwork for advance pay or any other type of pay *because I don't know you.*"

14. I was dropped from classes for the fall 2013 semester.

---

[1] This explanation is from the Dept. Of Veterans Affairs website.

[2] Advance payment of benefits is a one-time request, and according to the phone, rep at the VA is processed quickly and can be sent directly to the school, as opposed to the regular benefit, which is sent to the veteran.

[3] There was a memo issued by the Undersecretary of Veterans Affairs Benefits dated 12/13/2013 instructing the schools' CO's in how to handle and accommodate veterans using VRAP.

15. This is discrimination; I am relying on federal aid to pay for an education, this is a restriction of my enjoyment of an advantage and privilege enjoyed by others; this practice of VRAP eligible persons requiring "upfront money" has caused a substantial adverse impact and cannot be justified as serving a legitimate business or educational goal for the institution

16. Students who apply for and are eligible for other types of financial aid (Pell Grants, Student Loans, etc) are typically allowed to register, attend classes and purchase textbooks from the campus bookstore using a voucher, when the financial aid comes in about the 4th week of the semester, what outstanding amount owed to the school it subtracted and the surplus goes to the student, if any or the student has a balance to pay, however, the VRAP advance pay provision would come directly to the school with 10 days after the Department of Veterans affairs receives the request.

17. South Suburban College and its Financial Aid Departments' manager and VCO has adopted a rationale of: Veteran with VRAP needs to pay upfront money or take a hike; with no provision for appeal or reconsideration.

## COUNT I
### Discrimination based on Plaintiff using certain federal monies to fund education

18. This plaintiff re-alleges all previous paragraphs as though fully plead herein.
19. South Suburban College and its employees, in its decision making role, has denied me access to federal educational benefits, based on vague, subjective, arbitrary and prejudicial policies, has not provided me a legally acceptable reason for this denial, and has, in effect barred me from obtaining an education, using criteria and methods of administration which are discriminatory in nature.
20. Don Manning is the president of South Suburban College and is responsible for the actions of his employees and the policies, procedures of the school.
21. Jorie Menclewicz is the manager of South Suburban Colleges' financial office and the schools' Veteran's Certifying Official, responsible for processing all requests for student financial aid.
22. South Suburban College receives federal monies and is prohibited by law, from any forms of discrimination and discriminatory practices.
23. The defendants decision to deny my admission was based on this plaintiff using federal monies to pay for school, is discriminatory
24. The practice of denying access to financial aid, by not submitting paperwork using vague, subjective, arbitrary and prejudicial policies, has not provided me a legally acceptable reason for this denial, and has, in effect barred me from obtaining an education, using criteria and methods of administration which are discriminatory in nature.
25. These practices are prohibited under Section 602 of the Civil Rights Act, and any other applicable federal statute this court deems fit.

26. As a direct result of Defendants actions, Plaintiff has:
    A. Lost the opportunity to use federal education benefits(VRAP) for the fall 2013 semester.
    B. Lost the opportunity to attend certain classes, directly related to an offer of employment.
    C. Lost employment offer
    D. Lost potential future wages, benefits and other income and or revenue.
    E. Emotional distress

WHEREFORE, Plaintiff seeks the following:

1. Trial by jury on the charge raised in this complaint.
2. Punitive damages in the amount of $5,000,000.00 (five million dollars)
3. Compensatory damages in the amount of $5,000,000.00 (five million dollars)
4. Injunctive relief, the Defendants are to cease the "upfront money" policy for Veterans using any veterans educational benefits.
5. All costs incurred by this suit, including any attorney fees.
6. Any other and further relief, to which Plaintiff may be justly entitled.

Respectfully Submitted,

Kenneth W. Dunmars

Kenneth W. Dunmars
4948 Reading Ave 3R
East Chicago, Indiana 46312
(219) 545-7462