aEE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

NOV 01 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Kenneth W. Dunmars )
    Plaintiff-Pro Se )
     ) No:13 CV 5932
    v. )
South Suburban College Foundation )
Don Manning ) Judge: Norgle
Jorie Menclewicz )
    Defendants )

## NOTICE OF FILING

TO: Daniel E. Cannon
    Kusper & Raucci Chartered
    33 North Dearborn Street – Suite 1530
    Chicago, Illinois 60602

    PLEASE TAKE NOTICE that on NOV 1, 2013 , the undersigned has/will file with the Clerk of the Court of the Northern District of Illinois Eastern Division, Chicago Illinois, the Plaintiffs' AMENDED COMPLAINT a copy of which is attached and served upon you.

By: /s/ Kenneth W. Dunmars
    Kenneth W. Dunmars

Kenneth W. Dunmars
4948 Reading Ave – 3R
East Chicago, Indiana 46312
(219) 545-7462

## CERTIFICATE OF SERVICE

  The undersigned Plaintiff certifies that on   NOV 1 2013  , true copies of the aforementioned   AMENDED COMPLAINT  , and this notice were and served in the Clerk of District Courts' office, in person, and served by U.S. Mail with proper prepaid postage, upon the Defendants' legal counsel Daniel E. Cannon of Kusper & Raucci Chartered 33 North Dearborn Street Suite 1530 Chicago Illnois 60602.

                      Kenneth W. Dunmars

Kenneth W. Dunmars
4948 Reading Ave 3R
East Chicago, Indiana 46312
(219) 545-7462



FILED

NOV 01 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kenneth W. Dunmars )
    Plaintiff-Pro Se )
)   No: 13 CV 5932
v. )
South Suburban College Foundation )
Don Manning )   Judge: Norgle
Jorie Menclewicz )
    Defendants )

## AMENDED COMPLAINT

### JURISDICTION AND VENUE

Pursuant to the Federal Rules of Civil Procedure 15, plaintiff-pro se submits this amended complaint to the Court and all parties:

1. This action arises under, and jurisdiction is founded on 28 U.S.C. 1332(a) as Plaintiff Defendants are citizens of different states and the amount in controversy exceeds $75,000.

2. Venue is proper in this district because the Defendants are located in this district.

3. South Suburban College Foundation a state school, and is incorporated and located in the state of Illinois.

4. Don Manning is the President of South Suburban College

5. Jorie Menclewicz is an employee of South Suburban College

6. Plaintiff resides in the state of Indiana

### FACTS

7. May 2013, I applied to and was admitted to South Suburban College in South Holland, Illinois as a Computer Information Systems major. I also applied for and received a Certificate of Eligibility for a certain veteran's benefit called VRAP from the US Department of Veterans Affairs.

8. Veterans Retraining Assistance Program (VRAP) is part of the VOW to Hire Heroes Act of 2011.

9. The VRAP offers 12 months of training assistance to unemployed Veterans.

10. Participants must attend school full-time in order to receive up to 12 months of assistance equal to the monthly full-time payment rate under the Montgomery GI Bill–Active Duty program ($1,564 effective October 1, 2012). The US Department of Labor "DOL" will offer employment assistance to every Veteran who participates upon completion of the program; I am one of those eligible veterans.

11. Participants must be enrolled in a VA approved program of education offered by a community college or technical school.[1]

12. There is a school based form to fill out in order to process the benefit request to the US Department of Veterans Affairs, a couple of personal documents to submit with those forms, its all fairly straightforward and then turn in this packet to the schools' veteran's certifying official (VCO), in this matter is Jorie Menclewicz, the financial aid office manager and the "VCO" of South Suburban College, I submitted this packet to her personally on Monday July 22, 2013 at about 1:30 pm.

13. I spoke with Ms. Menclewicz briefly while handing in my packet of documents, she looked over my paperwork and told me because I am using VRAP, there is a "upfront money" requirement, of "about 400 dollars by Thursday July 25th or be dropped from classes".

14. I then asked her to submit my paperwork as a "advance pay" request to the Department of Veterans' Affairs and the VA would send 2 months of benefits directly to the school, within 10 days, which should cover the tuition in full or pretty close to it; my request was denied.[2],[3]

---

[1] This explanation is from the Dept. Of Veterans Affairs website.

[2] Advance payment of benefits is a one-time request, and according to the veterans educational benefit counselor at the Department of Veterans' Affairs, the request is processed quickly and can be sent directly to the school, as opposed to the regular benefit, which is sent to the veteran.

[3] There was a memo issued by the Undersecretary of Veterans Affairs Benefits dated 12/13/2012 instructing the schools' CO's in how to handle and accommodate veterans using VRAP.

15. I contacted my member of Congress to see if his office could lend a hand in this matter on Monday, July 22, 2013; apparently they made a call to the school, spoke with Ms. Menclewicz, who then called me on Monday, July 29th 2013 at 4:16 pm. to read me the riot act, saying "I am not going to let you attend classes for free, I have been burned by students before, I am not going to process your benefit paperwork for advance pay or any other type of pay *because I don't know you.*" [4]

16. On Saturday, July 27, 2013 at 11:00 a.m. I was dropped from classes for the fall 2013 semester.

17. This sinister and illegal practice of VRAP eligible veterans to pay "upfront money" has caused a substantial adverse impact and cannot be justified as serving a legitimate business or educational goal for the institution, this practice is an unauthorized tax levy.

18. Students who apply for and are eligible for other types of financial aid (Pell Grants, Student Loans, etc) are typically allowed to register, attend classes and purchase textbooks from the campus bookstore using a voucher, when the financial aid comes in about the 4th week of the semester, what outstanding amount owed to the school is subtracted from the financial aid and the surplus goes to the student, if any or the student has a balance to pay, however, the VRAP advance pay provision would come directly to the school with 10 days after the Department of Veterans affairs receives the request.

19. South Suburban College and its Financial Aid Departments' manager and VCO has adopted a rationale of: Veterans, in particular, Veterans from another state with VRAP needs to pay "upfront money" tax or take a hike; with no provision for appeal or reconsideration.

---

[4] Emphasis added.

## COUNT I
## Discrimination based on Plaintiff using certain federal monies to fund education

20. This plaintiff re-alleges all previous paragraphs as though fully plead herein.

21. South Suburban College and its employees, in its decision making role and in the role of the State, in concert, has denied me access to federal educational benefits, my property, based on vague, subjective, arbitrary and prejudicial policies, has not provided me a legally acceptable reason for this denial, and has, in effect barred me from obtaining an education, caused a loss of property (VRAP benefits), adversely affected job prospects, using criteria and methods of administration which are discriminatory in nature, resulting in disparate treatment, causing an adverse material impact on educational and employment prospects.

22. Don Manning is the president of South Suburban College and is responsible for the actions of his employees and the policies, procedures of the school.

23. Jorie Menclewicz is the manager of South Suburban Colleges' financial office and the schools' Veteran's Certifying Official, responsible for processing all requests for veterans' financial aid.

24. South Suburban College receives federal monies and is prohibited by law, from engaging in any forms of discrimination and discriminatory practices.

25. The defendants decision to deny access to my benefits, causing an adverse effect on my admission status was based on this plaintiff using federal monies to pay for school, is discriminatory.

26. The practice of denying access to my benefits, which are my property, by not submitting paperwork using vague, subjective, arbitrary and prejudicial policies, has not provided a legally acceptable reason for this denial, and has, in effect barred me from obtaining an education, using criteria and methods of administration which are discriminatory in nature, is disparate treatment.

27. These practices are prohibited under the Civil Rights Act, and any other applicable federal statutes and regulations this court deems fit.

## Count II
## Deprivation of Property -Violation of the 14th Amendment – Due Process Clause

This plaintiff re-alleges all previous paragraphs as though fully plead herein.

28. South Suburban College Foundation is a state school, their officers and employees therefore are state employees, the deprivation of access to my veterans benefits, which are my property, without any notice, without an articulated standard of conduct, provided no opportunity to rebut their decision in a meaningful way and at a meaningful time, and lastly, provided no substantial and credible evidence leading to their decision not to process my paperwork, even contrary to their own school policies, is a violation of the Due Process Clause of the United States Constitution.

As a direct result of Defendants actions, Plaintiff has:

A. Lost the opportunity to use federal education benefits(VRAP) for the fall 2013 semester.
B. Lost the opportunity to attend certain classes, directly related to an offer of employment, at any other school in 2013 and possibly 2014
C. Lost employment offer
D. Lost potential future wages, benefits and other income and or revenue.
E. Emotional distress

## Count III

## Seizure of Papers – Violation of 4th Amendment

This plaintiff re-alleges all previous paragraphs as though fully plead herein.

29. After the defendants, the State, dropped my enrollment from classes, 2 very important personal documents were not returned to me, my Certificate of Eligibility for the VRAP benefits mentioned above, and my Form DD 214, a document which verifies my military service, both are required to attend school and begin receiving benefits, which in turn prevented me from even applying to another school, using the advance pay provision and start receiving my benefits, these documents were seized by the State, more specifically the Defendants in this matter; a violation of the 4th Amendment of the United States Constitution.

As a direct result of Defendants actions, Plaintiff has:

A. Lost the opportunity to use federal education benefits(VRAP) for the fall 2013 semester.
B. Lost the opportunity to attend certain classes, directly related to an offer of employment, at any other school, in 2013 possibly in 2014.
C. Lost employment offer
D. Lost potential future wages, benefits and other income and or revenue.
E. Emotional distress

## Count IV
## Discrimination Against out of State Students by the Defendants – Privileges and Immunities Clause, United States Constitution

This plaintiff re-alleges all previous paragraphs as though fully plead herein.

30. The statement from paragraph 15 of this complaint "I am not going to let you attend classes for free, I have been burned by students before, I am not going to process your benefit paperwork for advance pay or any other type of pay *because I don't know you.*"; strongly infers that because I am a resident of the State of Indiana, its something suspicious about me, me being unemployed, me being a Veteran, along with my documents, my benefits, my ulterior motives and my personal integrity and ability to be responsible enough to pay tuition with my benefits; this statement is an admission of prejudice, at least of me being from Indiana and because of these issues and I am using VRAP, I have to "pay 400 dollars or be dropped from classes." This sinister discriminatory practice and unauthorized tax, is disparate treatment, perhaps even graft also [5,]

31. The state community colleges in Indiana where I reside, for veterans using any type of educational benefit, are not required to pay "upfront money", in order for their benefit paperwork to be processed by the schools' financial aid office/VCO, nor to attend classes, nor are veterans are required to be "known" personally by the schools' VCO; its a privilege and immunity I enjoy in my state.

> As a direct result of Defendants actions, Plaintiff has:
> A. Lost the opportunity to use federal education benefits(VRAP) for the fall 2013 semester.
> B. Lost the opportunity to attend certain classes, directly related to an offer of employment, at any other school, in 2013, and possibly 2014.
> C. Lost employment offer
> D. Lost potential future wages, benefits and other income and or revenue.
> E. Emotional distress

---
[5] I was never instructed by Ms. Menclewicz to pay the 400 dollars "upfront money" to the school itself.

## Count V
### Violation of the equivalent state and local anti discrimination, due process, privileges and immunities laws, statutes, regulations, policies and ordinances.

32. This plaintiff re-alleges all previous paragraphs as though fully plead herein.

    As a direct result of Defendants actions, Plaintiff has:

    A. Lost the opportunity to use federal education benefits(VRAP) for the fall 2013 semester.

    B. Lost the opportunity to attend certain classes, directly related to an offer of employment, at any other school, in 2013 and possibly, 2014.

    C. Lost employment offer

    D. Lost potential future wages, benefits and other income and or revenue.

    E. Emotional distress

33. **WHEREFORE**, Plaintiff seeks the following:

    1. Trial by jury on the charges raised in this complaint.
    2. Punitive damages in the amount of $5,000,000.00 (five million dollars), per Defendant.
    3. Compensatory damages in the amount of $5,000,000.00 (five million dollars), per Defendant.
    4. Injunctive relief, the Defendants are to cease the "upfront money" policy for all Veterans using any veterans educational benefits.
    5. All costs incurred by this suit, including any attorney fees.
    6. Any other and further relief, to which Plaintiff may be justly entitled.

Respectfully Submitted,

Kenneth W. Dunmars

Kenneth W. Dunmars
4948 Reading Ave 3R
East Chicago, Indiana 46312
(219) 545-7462