IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Kenneth W. Dunmars, )
                                          )
       Plaintiff, )    No. 13cv5932
                                          )
v. )    Judge Charles R. Norgle
                                          )
Board of Trustees of Community College )    Magistrate Young B. Kim
District No. 510 and Jorie Menclewicz, )
                                          )
       Defendants. )

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS MENCLEWICZ AS A PARTY DEFENDANT
AND TO DISMISS THE SECOND AMENDED COMPLAINT**

The Defendants Board of Trustees of Community College District No. 510 and Jorie Menclewicz, by their attorney Daniel E. Cannon of Kusper & Raucci Chartered, submit the following as their reply brief in support of the Rule 12(b)(6) Motion to Dismiss.

I. THE PLAINTIFF'S RESPONSE FAILS TO ADDRESS THE
LEGAL AND FACTUAL ISSUES BEFORE THE COURT

    A.    The Legal Issues

The response of the plaintiff does not dispute, or even address, the well-settled doctrine that the courts endeavor to resolve the threshold issue of qualified immunity at the earliest possible point in a Section 1983 case, or that the courts recognize that qualified immunity can be resolved by the vehicle of a motion to dismiss. (*See*, Section II of Motion at page 3; Document 37 at Page ID# 251) And, while the plaintiff very briefly at page 6 of his response addresses the fact that F.R.C.P. 12(b)(6) does in fact allow defendants to include "matters outside the pleading," the plaintiff provides the court with no basis for excluding the "outside matters" in

the case at bar and, moreover, no basis for not addressing the substance of the qualified immunity issue. The "outside matters" in the case at bar include two documents signed by plaintiff which conclusively establish that the plaintiff was fully informed, in writing, at the time of his application to the college, that he was personally responsible for paying the upfront cost of his tuition. This document defeats the plaintiff's case, yet in his response the plaintiff dismissively refers to "two documents that appear to have come from the College's files..." as if they are some completely foreign documents that he is unable to confront and respond to. (Document 40 at Page ID# 268)

The plaintiff's response also fails to address the legal standard to determine qualified immunity, which is not only presented at page 3 of the Motion, but succinctly stated in a case cited by the plaintiff, *Armstrong v. Daily*, 786 F.3d 529, 537 (7th Cir. 2015) as the consideration of two limited questions: first, whether plaintiff has alleged a violation of his constitutional rights; and, second, whether the violation was clearly established in the law at the time of the defendant's conduct.

Under this test, in order to defeat a finding of qualified immunity, the plaintiff must show under the second prong of the test, that his "right was clearly established" at the time of the defendant's alleged conduct. Whether this right was clearly established at the relevant time is a question of law. *Morris v. Huebsch*, 3 F.Supp.3d 746, 751 (W.D.WI. 2014) citing *Sancier v. Katz*, 533 U.S. 194, 201 (2001) and *Lewis v. Downey*, 581 F.3d 467, 478 (7th Cir. 2009).

As set forth in Part B below, the plaintiff simply cannot defeat the second prong of the qualified immunity test, based on the requirements set forth in his own Exhibit B to the Second Amended Complaint and based on documents signed by the plaintiff at this time of the alleged improper conduct on the part of Defendant Menclewicz.

2

B.  The Factual Issues

The response of the plaintiff contains two pages of "Background" consisting of repetition of many of the allegations contained in the Second Amended Complaint, but the plaintiff declines to address, or contest, the issue at bar; that his allegations against Menclewicz personally, for which he seeks an award of punitive damages, cannot stand unless the plaintiff establishes two main facts: (1) that Menclewicz unlawfully demanded a payment of upfront money; and (2) that Menclewicz unlawfully refused to process his request for an "advance payment" of his VRAP benefits. It is respectfully submitted that the facts or evidence needed to establish these two facts, and to defeat the contentions in the motion to dismiss that Menclewicz has qualified immunity, lie with the plaintiff himself, and that the plaintiff's contention that some undefined discovery is necessary in order for him to respond to his own, signed documents and his own Exhibit B to his Second Amended Complaint, is a smoke screen to unnecessarily delay the case and expose Menclewicz to additional unwarranted litigation.

The first factual issue is whether Menclewicz unlawfully demanded "upfront money" in violation of a "clearly established" right of the plaintiff to not have to pay upfront money for his tuition. Attached to the motion to dismiss are documents signed by the plaintiff at the time he registered for classes and requested VRAP benefits on July 22, 2013. (Document 37-1 at Page ID# 262-264) The last of these three pages, directly above the plaintiff's signature, informs the plaintiff of eight (8) procedures, the last of which expressly informs the plaintiff that the VRAP does cover the upfront cost of tuition and that "I understand that if I do not cover the upfront cost of my tuition my classes will be dropped due to lack of payment." This unambiguous requirement could not be more clear, and is entirely consistent with the allegations in the Second Amended Complaint that the VRAP was a program which paid benefits directly to

the veteran, making the veteran personally responsible for paying tuition to the college. (*See*, Document 30, Second Amended Complaint, at Page ID# 79-81) Remarkably, in the face of his own, signed document, the plaintiff repeatedly insists in his response that his Second Amended Complaint states a plausible claim for relief.

The second factual issue is whether Menclewicz unlawfully refused to process the plaintiff's request on July 22, 2013 for an advance payment in violation of a "clearly established" right of the plaintiff to have his advance payment request processed. The Handbook of the Department of Veterans Affairs attached as Exhibit B to the Second Amended Complaint (Document 30-3, Exhibit B to the Second Amended Complaint, at Page ID# 164), requires an advance payment request to be made within thirty days of the start of classes. As set forth in the motion to dismiss, the plaintiff's request on July 22, 2013 was only 28 days before the start of class on August 19, 2013 and, thus, not in conformity with the express 30-day requirement in the Handbook. The plaintiff does not need discovery to personally refute his own signed document, or to refute that he did or did not sign it on July 22, 2013, or that class started on August 19, 2013, a matter of public record at a public community college, or that he failed to request advance payment within the required time limitation. The thirty day requirement directly negates any contention that the plaintiff had a "clearly established" right to have his request for advance payment processed even assuming, *arguendo*, that the court does not accept the sworn statement of Menclewicz that South Suburban College did not participate in the advance payment program. (Document 37-1 at Page ID# 260)

Under the circumstances, Menclewicz has exceeded the legal and factual requirements for qualified immunity in that she not only defeats the question of whether she unlawfully violated a right that was "clearly established" in favor of the plaintiff, but establishes

that her conduct was in compliance with the rules set forth in the Handbook of the Veteran's Administration for the VRAP advance payment program and was in compliance with the tuition payment requirements of the VRAP, and the express notice thereof to the plaintiff at the time of his application that he was personally responsible for making the advance payment of tuition. To put it another way, the plaintiff cannot show that Menclewicz violated a right that was "clearly established" in the face of the two unrebutted facts discussed above, which not only entitle Menclewicz to qualified immunity, but defeat the plaintiff's claims.

The plaintiff in his response repeatedly derides the defendants' well-supported contentions that the central claims in his case are "simply not true" (Document 40 at Page ID# 268, 271-272), pointing out that the College and Menclewicz "rely extensively" on the documents signed by the plaintiff which are attached to the motion to dismiss. Yet, the plaintiff does not, and cannot, refute that he signed those documents and does not, and cannot, refute that the documents fully and expressly informed him that he was personally required to pay the upfront cost of tuition in order to receive VRAP benefits. In addition, the plaintiff does not even attempt to address, much less refute, the fact that his request for advance payment was not made in compliance with the time limits established by the Veterans Administration.

The plaintiff has declined to personally address the facts of the case at bar, and failed to submit any counteraffidavit or any concrete reason whatsoever to prolong the case against Menclewicz, other than by a general contention that he needs some type of undefined discovery, notwithstanding the fact that the ability to refute his own signed documents rests solely with him.

The case is ripe for a determination on the threshold issue of qualified immunity for Defendant Menclewicz and, based on the undisputed fact that Menclewicz did not violate the

advance payment requirements and the fact that the plaintiff had express notice of his obligation to personally pay the upfront cost of tuition, it is respectfully submitted that, as a matter of law, Menclewicz should be dismissed as a party defendant.

II. OTHER ISSUES

The plaintiff contends that, under traditional rules applicable to motions to dismiss, the current motion should be denied because the allegations in the Second Amended Complaint must be accepted as true and, as such, state a "plausible claim." (Document 40 at Page ID# 268) However, as discussed in Part I above, the issue raised by the pending motion to dismiss is whether Menclewicz is entitled to qualified immunity, even assuming the Complaint states a plausible claim on its face. The fact that the plaintiff declines to address the issue before the court, and refuses to address the decisive evidence in his own signed documents and in the express requirements in the Handbook, does not somehow "defer" the qualified immunity issue. The posture of the case is now whether Menclewicz has qualified immunity, and the matter of a "plausible claim" is not before the court.

In Part III of his response, the plaintiff contends that the motion to dismiss targets only Count I, and does not target or apply to Count II -Equal Protection- because the Menclewicz affidavit does not deny that she acted based on her personal animus toward the plaintiff. (Document 40 at Page ID# 273-74) The motion to dismiss itself places no such limitation and, should the court sustain the motion, finding that the plaintiff had prior notice of his obligation to personally pay tuition upfront, and that the plaintiff failed to meet the required thirty day deadline to request advance payment, no grounds would remain to find that Menclewicz violated any law or right inuring to the plaintiff, much less that this ministerial act of having the plaintiff fill out forms for his VRAP benefits could be based on some type of personal dislike, or animus.

6

This contention of the plaintiff, again, is an attempt to unnecessarily prolong the involvement of Menclewicz in the case.

In part II of his response, citing *Boyce v. Martella*, 2014 WL 5766112 at *3 (N.D. Ill. Nov. 4, 2014), the plaintiff argues that said case stands for the proposition that when "the plaintiff has had no opportunity for discovery and the moving party has not complied with Local Rule 56.1, courts in this District regularly exclude proffered outside materials and deny the motion to dismiss." (Document 40 at Page ID# 273) This utter misrepresentation of the *Boyce* case should be disregarded by the Court. First, there is no language in the case referencing what the "courts in this District" regularly do, much less that said courts "regularly exclude proffered outside materials and deny the motion to dismiss." Second, the case does not involve qualified immunity and instead involves an incarcerated *pro se* litigant where the Defendant Boswell Pharmacy Services presented a motion to dismiss that contained no attachments, yet argued a long list of "facts" that were nowhere in the record. The *Boyce* court, under the circumstances, "declined to convert Boswell's motion to dismiss to a motion for summary judgment," referencing the lack of compliance with Local Rules 56.1 and 56.2. In the case at bar, the defendants filed a motion, with attachments, in compliance with Rule 12(b)(6). The *Boyce* case has little, if anything, to do with the situation in the case at bar, and should be disregarded.

Finally, in the last paragraph of the response (Document 40 at Page ID #274), the plaintiff contends that, even assuming Menclewicz is dismissed, the College can still be liable, and should not be dismissed. While the defendants do not contest the general statement of law cited by the plaintiff that a governmental entity may still face suit in a Section 1983 action after its employee is dismissed, such a general statement of law provides no basis to adopt the plaintiff's argument. In other words, assuming Menclewicz is dismissed, what is the claim that

7

would remain against the College, particularly when there are no separate allegations against the College in the Second Amended Complaint and the entirety of the plaintiff's claim is based on the alleged conduct of Menclewicz? The plaintiff provides no answer to this question, undoubtedly because he has no answer to provide that is specific to the case at bar.

III. CONCLUSION

For the foregoing reasons and for those set forth in the motion to dismiss, the defendants respectfully move this Honorable Court to grant the motion to dismiss, find that Menclewicz has qualified immunity, dismiss Menclewicz as a party defendant, and also dismiss the Second Amended Complaint against the College, and for such other and further order as may be just and appropriate.

Respectfully submitted,

By: ____s/Daniel E. Cannon____
      Daniel E. Cannon

Daniel E. Cannon
Kusper & Raucci Chartered
33 North Dearborn Street, Suite 1530
Chicago, IL 60602
(312) 332-5000
ARDC No. 6180109
Attorney for Defendants